# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
#### 5:12-cv-73-RLV
##### (5:01-cr-006-RLV-1)

JEROME LEE BORDERS,         )
                                     )
        Petitioner,           )
                                     )
        v.                     )
                                   )        **ORDER**
UNITED STATES OF AMERICA,  )
                                   )
        Respondent.      )
_____)

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (5:12-cv-73, Doc. No. 1). No response is necessary from the Respondent. For the reasons that follow, Petitioner's Section 2255 Petition will be denied and dismissed.

## I. BACKGROUND

On March 14, 2001, Petitioner was indicted by a grand jury sitting in the Western District of North Carolina for conspiring with others to possess with intent to distribute cocaine and cocaine base in an amount of at least 50 grams, in violation of 21 U.S.C. §§ 846 and 841. (Count One). (5:01-cr-0006, Doc. No. 1). Count Two charged Petitioner and others with conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h).

Petitioner pled not guilty to both charges and proceeded to a trial by jury on November 6, 2001. On November 15, 2001, the jury returned a verdict finding Petitioner guilty of both counts of the Indictment. On May 6, 2002, Petitioner was sentenced to life imprisonment for conviction of Count One, and a concurrent term of imprisonment of 240 months for conviction on Count

Two. (Doc. No. 69: Judgment in a Criminal Case, at 1-2). Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 67). On June 23, 2003, the Fourth Circuit affirmed Petitioner's conviction and sentence in an unpublished opinion. United States v. Borders, 69 F. App'x 130 (4th Cir. 2003). On September 23, 2003, the Fourth Circuit entered an Order denying Petitioner's petition for rehearing and rehearing en banc. United States v. Borders, No. 2-4372 (4th Cir. Sept. 23, 2003). On August 26, 2004, Petitioner filed a Motion to Vacate, Correct or Set Aside under 28 U.S.C. § 2255. (5:04-cv-115-RLV, Doc. No. 1). On December 2, 2004, the Court entered an Order denying and dismissing Petitioner's Section 2255 Motion and Petitioner did not file an appeal.

On June 11, 2012, Petitioner filed the instant Section 2255 Motion. (5:12-cv-73, Doc. No. 1). Petitioner contends that in DePierre v. United States, 131 S.Ct. 2225 (June 9, 2011), the Supreme Court of the United States created a new rule of law that is retroactively applicable on collateral review. (Doc. No. 1-1 at 3). Petitioner explains that his Section 2255 is timely because it is filed within one year of the date the Court filed its decision in DePierre.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The record shows that Petitioner filed his first Section 2255 Motion on August 24, 2004, and this Motion was denied and dismissed by the Court on December 1, 2004. (5:04-cv-115, Doc. Nos. 1; 7, respectively). Petitioner contends that the Supreme Court's decision in DePierre

2

provides him with retroactive relief from his conviction and sentence. However, Petitioner's second Section 2255 Motion must fail for two reasons. First, there is no indication that the Supreme Court has made <u>DePierre</u> retroactive to cases on collateral review. <u>See United States v. Crump</u>, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012); <u>United States v. Drew</u>, 2012 WL 2069657, at *2 (N.D. W. Va. June 8, 2012). Second, Petitioner has not demonstrated to this Court that he has obtained the necessary authorization from the Fourth Circuit which could allow him to file this second Section 2255 Motion.

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion (Doc. No. 1) be **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 22, 2012

Richard L. Voorhees
United States District Judge